**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

THE CINCINNATI SPECIALTY   *
UNDERWRITERS INSURANCE   *
COMPANY   *
  *
    Plaintiff,   *   **CIVIL NO. 1:24-CV-01664-EA**
  *
  V.   *
  *
MAYOR AND CITY COUNCIL   *
OF BALTIMORE et al.   *
  *
  *
  *
    Defendants.   *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO COMPLAINT BY MAYOR AND CITY COUNCIL OF BALTIMORE**

Defendant, the Mayor and City Council of Baltimore (the "City"), by undersigned counsel, responds to the Complaint for Declaratory Judgment (ECF No. 1) as set forth below. Unless specifically admitted below, the City denies each of the allegations contained in the Complaint.

1.  The City admits that The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Insurance") is organized under the laws of Delaware with its principal place of business in Ohio.

2.  The City admits that Hanover Armory, LLC ("Hanover Armory") is organized under the laws of Maryland with its principal place of business in Maryland.

3.  The City is without sufficient information to admit or deny that Justin Lang is the sole member of Hanover Armory or that Justin Lang is a "natural person and a citizen" of West Virginia.

4.  The City admits that it is located in Maryland. The City is a municipal corporation organized and existing under the laws of Maryland.

5.      The City admits that it seeks in excess of $75,000 in its underlying suit.

6.      Cincinnati Insurance's allegation that this Court has subject matter jurisdiction is a legal conclusion to which no response is required.

7.      Cincinnati Insurance's allegation that venue is proper in this Court is a legal conclusion to which no response is required. The City admits that the events giving rise to its underlying suit took place in Baltimore City.

8.      The City admits that Cincinnati Insurance has filed a lawsuit seeking a declaratory judgment but otherwise denies that Cincinnati Insurance is entitled to relief pursuant to its lawsuit.

9.      The City admits that it filed a Complaint against Hanover Armory and Polymer80, Inc., that its underlying lawsuit is captioned *The Mayor and City Council of Baltimore v. Polymer80 et al.*, Case No. 24C22002482, and that its underlying lawsuit is pending in the Circuit Court for Baltimore City, Maryland. The City further admits that Exhibit 1 is a true and accurate copy of the Complaint in its underlying lawsuit (the "Underlying Complaint").

10.     The City admits that its underlying lawsuit relates to the sale, marketing, and distribution of ghost guns in Baltimore City. The City denies that this description in Paragraph 10 is comprehensive as the Underlying Complaint speaks for itself.

11.     The City admits that the Underlying Complaint includes allegations that Polymer80, Inc. manufactures and sells ghost gun kits, and that Hanover Armory is a firearms dealer that sold ghost gun kits in the Baltimore area. The City otherwise denies the allegations in Paragraph 11 and submits that the Underlying Complaint speaks for itself.

12.     The City admits that Paragraph 12 accurately states factual allegations contained in its Underlying Complaint.

13.     The City admits that the City has asserted negligence and public nuisance claims against Hanover Armory in the Underlying Complaint.

14.     The City admits that the Underlying Complaint contains allegations that Polymer80, Inc. and Hanover Armory have created a public health crisis in Baltimore, causing increased costs for medical care, law enforcement, emergency services, social services, public works, and other costs. The City denies that the specific costs listed in Paragraph 14 are the only harm that the City or its residents have suffered due to the conduct of Polymer80, Inc. and Hanover Armory. The City submits that the Underlying Complaint, which includes allegations of property damage and bodily injury, speaks for itself.

15.     The City admits that, in its underlying lawsuit, it seeks an injunction preventing the sale of ghost gun kits, the establishment of an abatement fund to remediate the public nuisance, civil penalties, compensatory and punitive damages, and costs and attorney's fees. The City denies that the specific remedies listed in Paragraph 15 are the only remedies that the City seeks. The City submits that the Underlying Complaint speaks for itself.

16.     The City is without sufficient information to admit or deny the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory.

17.     The City is without sufficient information to admit or deny the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory.

18.     The City is without sufficient information to admit or deny the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory.

19.     The City is without sufficient information to admit or deny the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory.

20.     The City is without sufficient information to admit or deny Cincinnati Insurance providing a defense to Hanover Armory in the City's underlying lawsuit.

21.     The City incorporates paragraphs 1-20 above.

21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, the City denies the remaining allegations. Paragraph 21 is repeated twice in Cincinnati Insurance's Complaint.

22.     The City is without sufficient information to admit or deny the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory.

23.     Paragraph 23 contains legal arguments to which no response is required. To the extent that a response is required, the City denies the allegations contained in this paragraph.

24.     Paragraph 24 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations. The City admits that its Underlying Complaint contains allegations that Hanover Armory has caused increased costs for medical care, law enforcement, emergency services, social services, public works, and other costs in the City. However, the City denies that it seeks recovery of purely economic loss. The City is pursuing claims for damages because of bodily injury and property damage in the City. The City further submits that the Underlying Complaint speaks for itself.

25.     Paragraph 25 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations. The City admits that its Underlying Complaint seeks injunctive relief and other relief

described in the Complaint. However, the City is pursuing claims for damages because of bodily injury and property damage in the City. The City further submits that the Underlying Complaint speaks for itself.

26.    Paragraph 26 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations. The City admits that its Underlying Complaint seeks punitive damages and other relief described in the Complaint. However, the City is pursuing claims for damages because of bodily injury and property damage in the City. The City further submits that the Underlying Complaint speaks for itself.

27.    Paragraph 27 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations.

28.    Paragraph 28 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations.

29.    Paragraph 29 contains legal arguments to which no response is required. To the extent a response is required with respect to the allegations regarding the existence or substance of an insurance obligation between Cincinnati Insurance and Hanover Armory, the City denies the allegations. The City admits that it seeks damages arising from Hanover Armory's conduct related

to ghost gun kits but denies that the City alleges continuous or repeated exposure to substantially the same general harmful conditions.

30.     The City admits that the parties dispute the applicability of Cincinnati Insurance's insurance policies to the City's underlying lawsuit. The City denies that Hanover Armory's conduct, as described in the Underlying Complaint, is not covered by Cincinnati Insurance's insurance policies.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations in Paragraph 31.

PRAYER FOR RELIEF

The City denies that Cincinnati Insurance is entitled to any relief and requests that judgment be granted in favor of the City. The City further requests that the Court award the City any such further relief as the Court deems just and proper.

AFFIRMATIVE DEFENSES

The City asserts the separate and affirmative defenses listed below. The City reserves the right to assert additional affirmative defenses and/or counterclaims as they become known.

1.     To the extent that Cincinnati Insurance's obligations are defined by the insurance agreement attached to the Complaint, the terms of the insurance agreement and the allegations in the Underlying Complaint indicate that Cincinnati Insurance owes a duty to defend Hanover Armory.

2.     To the extent that Cincinnati Insurance's obligations are defined by the insurance agreement attached to the Complaint, the terms of the insurance agreement and the allegations in the underlying lawsuit indicate that Cincinnati Insurance owes a duty to indemnify Hanover Armory.

3.    Cincinnati Insurance's action is barred by laches, waiver, and/or estoppel. Cincinnati Insurance had notice of the City's underlying suit for nearly two years before bringing suit. It was only until the City's underlying suit was on the verge of trial, and after the City served a policy limit demand on Cincinnati Insurance and Hanover Armory, that Cincinnati Insurance sought to act. Because Cincinnati Insurance elected to defend Hanover Armory for such a long period of time, the City and Hanover Armory reasonably relied on continued coverage.

Dated: January 14, 2025                     Respectfully Submitted,


*/s/ Thomas P.G. Webb*
Thomas P.G. Webb (Bar No. 18624)
BALTIMORE CITY LAW DEPARTMENT
100 N. Holliday Street, Suite 101
City Hall, Baltimore, MD 21202
Telephone: 410-396-5784
Fax: 410-547-1025
Tom.webb@baltimorecity.gov


*Attorney for Defendant,*

*The Mayor and City Council of Baltimore*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of January 2025, a copy of the foregoing was served on all parties by filing the same electronically with the Clerk of the United States District Court for the District of Maryland.


/s/ Thomas Webb
THOMAS WEBB